# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STACEY LAIRD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:18CV2078 HEA |
| ) | |
| JAY CASSADY, ) | |
| ) | |
| Respondent. ) | |

## OPINION, MEMORANDUM AND ORDER

Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254. Because the petition appears to be untimely, the Court will order petitioner to show cause why the petition should not be summarily dismissed.

## Background

Petitioner, Stacey Laird, was charged by complaint with the class C felony of Unlawful Possession of a Firearm, the class C felony of Possession of a Controlled Substance, the class D felony of Unlawful Use of Drug Paraphernalia, as well as three misdemeanors on October 15, 2010, in Audrain County. *See State v. Laird*, No. 10AU-CR000716-01 (12th Judicial Circuit, Audrain County Court).

On March 23, 2011, petitioner waived his right to a preliminary hearing. On March 23, 2011, the state filed an information charging petitioner with the class C felony of Unlawful Possession of a Firearm, the class C felony of Possession of a Controlled Substance, the class D felony of Unlawful Use of Drug Paraphernalia, and with three other misdemeanor counts. Petitioner appeared for arraignment on April 25, 2011. The cause was set for disposition or setting on June 6, 2011. On June 6, 2011, petitioner appeared, and on the record, entered a waiver of counsel. Petitioner then entered a plea of guilty as to all six counts. The Sentencing Assessment Report was waived, and sentencing was continued by agreement to July 5, 2011. *Id.*

1

On July 5, 2011, petitioner appeared for sentencing after his plea of guilty. The Circuit Court sentenced petitioner to four years in the Missouri Department of Corrections ("MDOC") on the Class C felony Unlawful Possession of a Firearm in Count One, the Class C felony of Possession of a Controlled Substance in Count Two, and the class D felony of Unlawful Use of Drug Paraphernalia in Count Three. This Court suspended execution of the sentences ("SES") in Counts One, Two and Three, placing petitioner on five years' probation under the supervision of Missouri Probation and Parole, with special conditions assessed. Petitioner was sentenced to 15 days in the Audrain County Jail on the other three misdemeanor Counts, Counts Four, Five and Six.

On January 10, 2012, the state filed its motion for probation revocation of petitioner's probation. On January 27, 2012, the petitioner appeared and the cause was continued to February 16, 2012. On February 16, 2012, the case was continued to March 5, 2012, at which point petitioner admitted violation of condition 1 of his probation, a laws violation. Petitioner was ordered to complete 48 hours shock incarceration in the Audrain County Jail and was continued on probation.

On April 29, 2014, the state filed an additional motion for probation revocation, and petitioner was ordered to appear on June 2, 2014. On June 2, 2014, petitioner appeared and was granted until July 7, 2014 for counsel status. Counsel status was continued again until August 4, 2014. On July 8, 2014, Kelsey Doty of the Public Defender system entered her appearance. Petitioner failed to appear on August 4, 2014, his next scheduled court date.

Petitioner was arrested on his failure to appear warrant on August 6, 2014, and the case was scheduled for August 14, 2014. On August 12, 2014, attorney Stan Clay entered his appearance for petitioner and attorney Kelsey Doty noticed her intent to withdraw. On August 18, 2014, petitioner's motion for bond reduction was granted and the case was scheduled for

September 8, 2014. On September 8, 2014, the case was continued to October 6, 2014. On September 16, 2014, the state filed an amended motion for probation revocation. On October 6, 2014, the case was reset for probation violation hearing on November 3, 2014. On November 3, 2014, the case was reset for probation violation hearing on December 1, 2014. On December 1, 2014, petitioner, represented by attorney Stan Clay, appeared for probation violation hearing.

After hearing evidence on that date, the Court found that petitioner had violated condition 1, laws, and ordered petitioner's probation revoked subject to the 559.115 Institutional Treatment Center Program. Petitioner was advised of his post-conviction rights under Rule 24.035 by the Court. On December 4, 2014, petitioner was delivered to the custody of MDOC. Petitioner did not appeal his conviction or sentence.

Petitioner signed a motion to vacate his sentence in front of a notary at MDOC on August 16, 2017, and he filed his motion to vacate, pursuant to Mo.Sup.Ct.R.24.035 on August 30, 2017. Laird v. State, No. 17AU-CC00061 (12th Judicial Circuit, Audrain County Court). The motion to vacate was dismissed as untimely on May 29, 2019.

Petitioner placed his application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 in the prison mail at Boonville Correctional Center on November 21, 2018.

## Discussion

In the instant petition, petitioner argues that the state withheld information from him relating to the manufacturing dates of the shotgun he was found in possession of. Petitioner refers to this as a "Brady violation." Petitioner further asserts that the state lacked jurisdiction over his guilty pleas and convictions. Petitioner additionally asserts that the officers at the scene were prejudiced as to him because they assumed that he was a prior felon, and that he should not have been held to be a felon in possession because the firearm he was charged with belonged to his employer.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under Missouri law a suspended execution of sentence ("SES") is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. *See State v. Nelson*, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999). The time for filing a direct appeal of the judgment expired ten (10) days after the judgment was entered. Mo. Sup. Ct. R. 30.01(d). As a result, petitioner's judgment on his original conviction became final ten (10) days after he was originally sentenced on July 5, 2011, and his statute of limitations expired a year and ten days after that time, on July 15, 2012.

Because petitioner did not file an appeal or motion for post-conviction relief within the one-year period for his sentence, but instead waited until almost six years after his statute of

limitations expired, petitioner must show cause why this action should not be dismissed as time-barred pursuant to § 2244. Petitioner must respond to the Court's Memorandum and Order within twenty-one (21) days of the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner shall show cause no later than twenty-one (21) days from the date of this order why her petition should not be dismissed as time-barred.

Dated this 8th day of August, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE